IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MICHAEL TODD MAYER,<br><br>              Plaintiff,<br><br>vs.<br><br>PLAINVIEW NEB. CITY GOVT & POLICE,<br><br>              Defendant. | **8:24CV406**<br><br>**MEMORANDUM AND ORDER** |

Plaintiff Michael Todd Mayer ("Plaintiff"), a non-prisoner, filed a pro se Complaint on October 18, 2024, Filing No. 1, Plaintiff was granted leave to proceed in forma pauperis. Filing No. 5.

The Court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2). For the reasons set forth below, the Court finds that Plaintiff's Complaint is appropriate for summary dismissal, but, in lieu of dismissal, the Court *sua sponte* shall grant Plaintiff leave to amend.

## I. APPLICABLE STANDARDS ON INIITAL REVIEW

The Court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[ ] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569–70 (2007); *see also Ashcroft v. Iqbal*,

556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999) ). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

### III. DISCUSSION

It appears Plaintiff brings claims of false imprisonment, cruel and unusual punishment, police brutality, medical malpractice, slander, and psychological abuse under the Americans with Disabilities Act (the "ADA") 42 U.S.C. § 12132, naming "Plainview Neb. City Govt & Police" as defendants. Filing No. 1 at 1–2. As Plaintiff also seeks damages as relief, this Court construes his claims also as arising under 42 U.S.C. § 1983. For the reasons set forth below, his claims under either basis cannot proceed as currently pleaded.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993). Here, to the extent Plaintiff seeks to sue the City of Plainview, a city may

only be liable under section 1983 if its "policy" or "custom" caused a violation of a plaintiff's constitutional rights. *Doe By and Through Doe v. Washington County*, 150 F.3d 920, 922 (8th Cir. 1998) (citing *Monell v. Department of Soc. Servs.*, 436 U.S. 658, 694 (1978)). Here, as Plaintiff does not allege that any policy or custom of the City of Plainview caused his injuries, Plaintiff has failed to allege a plausible claim for relief against the City of Plainview and therefore all claims against the City of Plainview are subject to dismissal.

The Plainview Police Department is also not a proper plaintiff as police departments are not suable entities under § 1983. *Ketchum v. City of West Memphis, Ark.,* 974 F.2d 81, 82 (8th Cir. 1992); *De La Garza v. Kandiyohi County Jail,* 2001 WL 987542, at *1 (8th Cir. 2001) (sheriff's departments and police departments are not usually considered legal entities subject to suit under § 1983). Therefore, as the Plainview Police Department is not a proper defendant, it is also subject to dismissal from this action.

Moreover, Federal Rule of Civil Procedure 8 requires that every complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief" and that "each allegation . . . be simple, concise, and direct." Fed. R. Civ. P. 8(a)(2), (d)(1). A complaint must state enough to "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus,* 551 U.S. 89, 93 (2007) (quoting *Twombly,* 550 U.S. at 555).

Here, as pleaded, Plaintiffs' Complaint fails to meet this minimal pleading standard. For example, Plaintiff lists a multitude of claims sounding in tort (false imprisonment, slander, etc), *see* Filing No. 1 at 4, but the Court is unable to ascertain any connection between the general allegations and any individual or entity which was allegedly involved, nor can it be determined how or when any alleged violative incidents took place, or any

detail of the resulting harm.  To reiterate, the Court is unable to address any of Plaintiff's general claims because Plaintiff does not provide any details regarding when the events at issue occurred, who was involved, or how the allegations support the alleged general claims, nor does Plaintiff connect the specific relief sought with any party whether named or unnamed.  Additionally, to the extent Plaintiff intended to proceed under the ADA, because the ADA addresses a multitude of issues related to individuals with disabilities, in order to bring a claim under the ADA, Plaintiff must also provide a description of his disabilities or other basis for why he has standing to bring suit under the ADA.

As such, on the Court's own motion, Plaintiff shall have 30 days from the date of this Memorandum and Order to file an amended complaint that sufficiently describes his claims, including naming defendants capable of being sued.  *Plaintiff should be mindful to clearly explain what each defendant did to him, when each defendant did it, how each defendant's actions harmed him, and what specific legal rights Plaintiff believes each defendant violated.  Put another way, the Court cannot guess as to what each defendant did and when, therefore, Plaintiff should set forth factual allegations that establish who each defendant is, when and how they were involved with Plaintiff, and what claims Plaintiff alleges against each of them.*

If Plaintiff fails to file an amended complaint in accordance with this Memorandum and Order, his Complaint will be dismissed without prejudice and without further notice. The Court reserves the right to conduct further review of Plaintiff's claims pursuant to 28 U.S.C. § 1915(e)(2) after he addresses the matters set forth in this Memorandum and Order.

IT IS THEREFORE ORDERED that:

1. Plaintiff shall have until **December 2, 2024**, to file an amended complaint.

2. If Plaintiff decides to proceed and file an amended complaint he must: Clearly state a claim or claims upon which relief may be granted against any and all named defendants in accordance with this Memorandum and Order. **Plaintiff is warned that an amended complaint will supersede, not supplement, the previously filed Complaint. Plaintiff must include all of the claims he wishes to pursue against all of individuals <u>named</u> as defendants in this case that he wishes to proceed against in his amended complaint, without relying upon or incorporating by reference any allegations made in the original Complaint. Plaintiff should be mindful to explain in his amended complaint what each defendant did to him, when and where the defendant did it, and how the defendant's actions harmed him.**

3. If Plaintiff fails to file an amended complaint or otherwise respond to this order, Plaintiff's claims against all defendants will be dismissed without prejudice and without further notice.

4. The Clerk's Office is directed to set a pro se case management deadline in this case using the following text: **December 2, 2024:** Check for amended complaint.

Dated this 29th day of October, 2024.

BY THE COURT:

*[signature]*

Joseph F. Bataillon
Senior United States District Judge